**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No.  12-cv-02126-REB-KMT

BANK OF AMERICA, N.A.,

    Plaintiff,

v.

DAKOTA HOMESTEAD TITLE INSURANCE COMPANY,

    Defendant.

## ORDER GRANTING MOTION TO DISMISS

**Blackburn, J.**

The matter is before me on **Dakota Homestead Title Insurance Company's Motion To Dismiss** [#7][1] filed August 17, 2012.  The defendant requests dismissal, arguing that for each claim for relief of the plaintiff the applicable statute of limitations expired before commencement of this civil action. After careful review of the motion, response, and reply; the record; and the applicable law, I conclude that the motion should be granted.

I have jurisdiction over the parties and subject matter of this action. My jurisdiction arises under 28 U.S.C. § 1332 (diversity of citizenship).

An affirmative defense may be raised in a motion to dismiss for failure to state a claim under Fed. R. Civ. P 12(b)(6) when the defense appears plainly on the face of the complaint. *Miller v. Shell Oil Co.*, 345 F.2d 891, 893 (10th Cir. 1965). The affirmative defense of statute of limitations may be raised under Rule 12(b)(6) "when the dates

---

[1]  "[#7]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

given in the complaint make clear that the right sued upon has been extinguished." ***Aldrich v. McCulloch Properties, Inc.***, 627 F.2d 1036, 1041 n. 4 (10th Cir. 1980).

In a diversity case the federal court applies the substantive law, including all relevant statutes of limitations, of the forum state. ***Cahill v. American Family Mutual Ins. Co.***, 610 F.3d 1235, 1238 (10th Cir. 2010). Thus, I apply the substantive law of the State of Colorado concerning its statutes of limitations, accrual of claims, and tolling of limitations. ***Id***.

The claims for relief of the plaintiff and their concomitant statutes of limitations are those noted by the defendant in its motion. *See* Motion at 3-4. Under Colorado law a claim accrues when the plaintiff knows, or should know, in the exercise of reasonable diligence all material facts essential to state a claim for relief. ***Miller v. Armstrong World Indus.***, 817 P.2d 111, 112 (Colo. 1991). Plaintiffs must exercise reasonable diligence to discover the circumstances relevant to their claims for relief. ***Murray v. GuideOne Specialty Mut. Ins. Co.***, 194 P3d 489, 492 (Colo.App. 2008). Their efforts are judged on an objective standard that does not reward denial or self-induced ignorance. ***Id***.

In fashioning my ruling, I have considered carefully (1) all well-pleaded allegations in the complaint; (2) all reasons stated, arguments advanced, and authorities cited by the parties in their papers; (3) the relevant statutes of limitations at part 1 of article 80 of title 13, C.R.S., as codified and construed. I conclude that, whether the claims of the plaintiff are based on the actions or omissions of Big Rock Title, LLC incident to or immediately after the loan closing on December 6, 2007, or based on the denial by defendant on July 13, 2009, of the insurance claim of the plaintiff, it is clear from the face of the complaint that all claims for relief are barred by the applicable statutes of limitation.

I conclude further that the plaintiff is not entitled to equitable tolling of any of its claims for relief. The relevant averments of the complaint belie any claim that the defendant wrongfully impeded the ability of the plaintiff to bring its claims or that truly extraordinary circumstances prevented the plaintiff despite diligent efforts from filing its claims.

Finally, I conclude that the motion to amend contained within the conclusion to the response should be denied on procedural and substantive grounds. *See* Response [#9] at 6, ¶ IV. Procedurally, the inclusion of a motion in the response to a motion is prohibited by D.C.COLO.LCivR 7.1C. ("A motion shall not be included in a response or reply to the original motion. A motion shall be made in a separate paper.") Substantively, the plaintiff proffers no facts to support a finding or conclusion that any of its claims can be made timely via amendment.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Dakota Homestead Title Insurance Company's Motion To Dismiss** [#7] filed August 17, 2012, is **GRANTED**[2];

2. That the motion to amend contained within the conclusion to the response of the plaintiff is **DENIED**;

3. That the combined Trial Preparation Conference and Final Pretrial Conference set October 18, 2013, and the trial set to commence November 4, 2013, are **VACATED**;

4. That **JUDGMENT SHALL ENTER** in favor the Defendant, Dakota Homestead Title Insurance Company, against the plaintiff, Bank of America, N.A.; and

5. That the defendant is **AWARDED** its costs to be taxed by the clerk of the

---

[2] In further support of my ruling, I approve, adopt, and incorporated the facts presented, reasons stated, arguments advanced, and authorities cited by the defendant in its motion [#7] and reply [#10].

court in the time and manner prescribed by Fed. R. Civ. P. 54(d)(1) and

D.C.COLO.LCivR 54.1.

Dated at Denver, Colorado, March 29, 2013.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge